**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: April 2 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-30951 |
| | ) | |
| Ronald Wayne Stahl and | ) | Chapter 7 |
| Ellen Elizabeth Stahl, | ) | |
| | ) | |
| Debtors. | ) | Successor Judge |

### ORDER GRANTING MOTION TO REOPEN

    This case came before the court for hearing on the Chapter 7 Trustee's Motion to, Again, Reopen Case, Defer Filing Fees, and Authorize the Reappointment of the Previous Trustee ("Motion") [Doc. # 29], and Debtors' objection [Doc. # 31]. Both Debtors' counsel and the Chapter 7 Trustee ("Trustee") appeared by telephone. For the reasons that follow, the Motion will be granted.

### FACTUAL BACKGROUND

    Debtors filed their Chapter 7 bankruptcy petition on February 24, 2010. As required by 11 U.S.C. § 521(a)(1)(B)(i), Debtors filed with their petition a Schedule B-Personal Property. [Doc. # 1, pp.12-15/59]. Debtors specified on their Schedule B that they did not have any "[o]ther and unliquidated claims of every nature..." [*Id.*, at p/14/59, Item 21]. The Trustee filed a no asset report on April 16, 2010, and Debtors received their discharge on June 17, 2010. The case was closed on June 25, 2010.

    On January 25, 2013, the Trustee filed a notice of withdrawal of the no asset report, which was followed by a motion to reopen the case that the court granted on January 28, 2013. The purpose of

reopening was to administer an asset that was not included in Debtors' bankruptcy schedules, namely, a personal injury claim of Debtor Ronald Stahl being litigated in *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1981, Case No. 07-MD-01871-CMR, in the United States District Court in the Eastern District of Pennsylvania ("Multidistrict Litigation"). The Trustee filed an initial report listing a "personal injury claim" as an asset of the bankruptcy estate. [Doc. # 26]. However, on June 26, 2013, the Trustee again filed a no asset report, stating that he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate, . . . that there is no property available for distribution from the estate over and above that exempted by law," and that the estate has been fully administered. [Doc. # 27]. The case was then closed on August 14, 2013. [Doc. # 28].

On October 2, 2013, the Trustee filed the instant Motion, again seeking to reopen this Chapter 7 case in order to administer proceeds "likely" to be paid to the estate pursuant to a settlement in the Multidistrict Litigation. [Doc. # 29 and attached Ex. 1]. Debtors object, arguing that the personal injury claim was abandoned by the Trustee upon the closing of Debtors' case on August 14, 2013.

## **LAW AND ANALYSIS**

Section 350 of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision to reopen a case is committed to the sound discretion of the court. *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001). Reopening a case is a ministerial act which "lacks independent legal significance and determines nothing with respect to the merits of the case." *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001). However, there must be some potential relief that is available to a movant in a reopened case. Otherwise, reopening a case is pointless and the motion should be denied.

In this case, the Trustee seeks to reopen in order to administer an unscheduled asset, namely, proceeds payable pursuant to a settlement of the personal injury claim in the Multidistrict Litigation. Although Debtors argue that the personal injury claim has been abandoned, making reopening of the case inappropriate, the court disagrees.

Whether property of the estate is abandoned is governed by § 554 of the Bankruptcy Code, 11 U.S.C. § 554, which provides as follows:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of

2

inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

Subsections (a) and (b) provide for what is referred to as specific or intentional abandonment and may occur after notice and a hearing on a trustee's notice of abandonment or on a motion of a party in interest, neither of which have been filed in this case. *See* Fed. R. Bankr. P. 6007. Those two subsections do not apply in this case and no abandonment of the personal injury claim in the Multidistrict Litigation occurred thereunder.

Instead, Debtors appear to rely on subsection (c) in arguing abandonment based upon the Trustee filing a no asset report and not administering the asset before the case was closed. Subsection (c) provides for "abandonment by operation of law" or "technical abandonment." *In re DeGroot*, 484 B.R. 311, 319 (B.A.P. 6th Cir. 2012). Abandonment under § 554(c) "occurs automatically upon the closing of the bankruptcy case," *id.*, but applies only to property that the debtor has scheduled and that the trustee has not administered. "This is true even if the trustee had knowledge of the asset." *Id.* at 320 (citing *Vreugdenhill v. Navistar Int'l Transp. Co.*, 950 F.2d 524, 526 (8th Cir. 1991)); *see Bittel v. Yamato Int'l Corp.*, 70 F.3d 1271, 1995 WL 69972, 1995 U.S. App. LEXIS 37082 (6th Cir. Nov. 27, 1995)(unpublished table decision)(dicta); *Bonner v. Sicherman (In re Bonner)*, 330 B.R. 880 (B.A.P. 6th Cir. 2005); *Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476 (B.A.P. 6th Cir. 1998). In this case, the Trustee indicates that he had knowledge of the Multidistrict Litigation before the case was re-closed. He actually listed a "personal injury claim" on his Initial Report filed before case closure, but then did not administer it by monetizing it for the benefit of the estate, *see* 11 U.S.C. § 704(a)(1), and instead filed his second no asset report. But because Debtors did not include the claim in their bankruptcy schedules, the claim was not abandoned under the plain terms of § 554(c) upon either of the two prior case closings.

Under § 554(d), unless the court orders otherwise, which has not been requested, *see In re DeGroot*, 460 B.R. 159, 170 (Bankr. W.D. Mich)("In other words, if the 'court orders otherwise,' property that is not scheduled and not administered may nevertheless be removed from the estate," an incentive reinforced by § 554(d)); *In re DeGroot*, 484 B.R. at 321, property of the estate that is not abandoned under subsections

3

(a), (b) or (c) and that is not otherwise administered in the case is not abandoned and remains property of the estate. The court finds that, contrary to Debtors' argument, the estate's interest in the Multidistrict Litigation has not been abandoned under any of subsections (a), (b) or (c) of § 554 and remains property of the estate to be administered by the Trustee.

At this time, the court thus finds that property of the estate will potentially be available to be administered by the Trustee if the case is reopened, which meets the statutory standard for reopening under § 350(b).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion to, Again, Reopen Case, Defer Filing Fees, and Authorize the Reappointment of the Previous Trustee [Doc. # 29] be, and hereby is, **GRANTED;** and

**IT IS FURTHER ORDERED** that, administration of assets being potentially necessary, the court finds under Rule 5010 of the Federal Rules of Bankruptcy Procedure, that the United States Trustee shall appoint a trustee to protect the interest of creditors and insure efficient administration of the case.

###